**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**CURTIS HOLLAND, III,**

    **Petitioner,**

-vs-                                        Case No. 6:09-cv-1816-Orl-35KRS

**SECRETARY, DEPARTMENT OF CORRECTIONS, et al.,**

    **Respondents.**

_____/

**ORDER**

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. section 2254 (Doc. No. 1). Upon consideration of the petition, the Court ordered Respondents to show cause why the relief sought in the petition should not be granted. Thereafter, Respondents filed a response to the petition for writ of habeas corpus in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases in the United States District Courts* (Doc. No. 9). Petitioner filed a reply to the response (Doc. No. 17).

Petitioner alleges four claims for relief in his habeas petition: 1) he should have received the same sentence as his co-defendant; 2) the trial court erred by imposing a departure sentence; 3) the trial court erred by failing to qualify Petitioner as a youthful offender; and 4) he received ineffective assistance of trial counsel.

**I.**    *Procedural History*

Petitioner was charged by information with one count of carjacking with a deadly

weapon (count one), one count of robbery with a deadly firearm (count two), and three counts of aggravated assault with a deadly weapon (counts three through five). Petitioner subsequently entered into a plea agreement in which, among other matters, he agreed to enter pleas of guilty to counts one, four, and five, and the State agreed to enter a *nolle prosequi* as to counts two and three. The trial court held a hearing on the pleas and ultimately accepted them. The trial court then adjudicated Petitioner guilty of the crimes and sentenced him to imprisonment for a term of 18 years as to count one and for a term of 3.5 years as to each of counts four and five, with all of the sentence to run concurrently. Petitioner filed a direct appeal with the Florida Fifth District Court of Appeal, which affirmed *per curiam*.

Petitioner then filed a motion to correct illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(c), which was dismissed pursuant to Petitioner's request. Petitioner next filed a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850 with the state trial court, which was denied. Petitioner appealed the denial, and the state appellate court affirmed the denial *per curiam*. While the Rule 3.850 proceedings were pending, Petitioner filed a petition for a writ of mandamus with the state appellate court, which was dismissed.

## II. Legal Standards

### A. Standard of Review Under the Antiterrorism Effective Death Penalty Act ("AEDPA")

Pursuant to the AEDPA, federal habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

(1)  resulted in a decision that was contrary to, or involved an

> unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The phrase "clearly established Federal law," encompasses only the holdings of the United States Supreme Court "as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

"[S]ection 2254(d)(1) provides two separate bases for reviewing state court decisions; the 'contrary to' and 'unreasonable application' clauses articulate independent considerations a federal court must consider." *Maharaj v. Secretary for Dep't. of Corr.*, 432 F.3d 1292, 1308 (11th Cir. 2005). The meaning of the clauses was discussed by the Eleventh Circuit Court of Appeals in *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001):

> Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme Court] has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the United States Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

Even if the federal court concludes that the state court applied federal law incorrectly, habeas relief is appropriate only if that application was "objectively unreasonable."[1] *Id.*

---

[1] Whether a state court's decision was an unreasonable application of law must be assessed in light of the record before the state court. *Holland v. Jackson*, 542 U.S. 649, 652 (2004) (*per curiam*); *cf. Bell v. Cone*, 535 U.S. 685, 697 n. 4 (2002) (declining to consider evidence not presented to state court in determining whether its decision was contrary to federal law).

Finally, under § 2254(d)(2), a federal court may grant a writ of habeas corpus if the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." A determination of a factual issue made by a state court, however, shall be presumed correct, and the habeas petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. *See Parker*, 244 F.3d at 835-36; 28 U.S.C. § 2254(e)(1).

### B.  Standard for Ineffective Assistance of Counsel

The United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance: (1) whether counsel's performance was deficient and "fell below an objective standard of reasonableness"; and (2) whether the deficient performance prejudiced the defense.[2] *Id.* at 687-88. A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id.* at 689-90. "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 690; *Gates v. Zant*, 863 F.2d 1492, 1497 (11th Cir. 1989)

As observed by the Eleventh Circuit Court of Appeals, the test for ineffective assistance of counsel:

---

[2] In *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993), the United States Supreme Court clarified that the prejudice prong of the test does not focus solely on mere outcome determination; rather, to establish prejudice, a criminal defendant must show that counsel's deficient representation rendered the result of the trial fundamentally unfair or unreliable.

> has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. Courts also should at the start presume effectiveness and should always avoid second guessing with the benefit of hindsight. *Strickland* encourages reviewing courts to allow lawyers broad discretion to represent their clients by pursuing their own strategy. We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992) (citation omitted). Under those rules and presumptions, "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994).

## III. Analysis

### A. Claims One, Two, and Three

Petitioner asserts three claims: 1) he should have received the same sentence as his co-defendant; 2) the trial court erred by imposing a departure sentence; and, 3) the trial court erred by failing to qualify Petitioner as a youthful offender.

At the outset, the Court notes that a state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved. *See Carrizales v. Wainwright*, 699 F.2d 1053, 1055 (11th Cir. 1983); *Llamas-Almaguer v. Wainwright*, 666 F.2d 191 (5th Cir. 1982). As stated by the Eleventh Circuit Court of Appeals in *Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988), "[i]n the area of state sentencing guidelines in particular, we consistently have held that federal courts can not review a state's alleged failure to adhere to its own sentencing procedures." (Emphasis added); *see also Nichols v. Estelle*, 556 F.2d

1330, 1331 (5th Cir. 1977) ("federal courts do not review a state's failure to adhere to its own sentencing procedures . . . ."). "This limitation on federal habeas review is of equal force when a petition, which actually involves state law issues, is `couched in terms of equal protection and due process.'" *Branan*, 861 F.2d at 1508 (quoting *Willeford v. Estelle*, 538 F.2d 1194, 1196-98 (5th Cir. 1976)). Since claims one through three are based exclusively on state law issues that are merely couched in terms of a constitutional violation, they are denied. *Willeford*, 538 F.2d at 1198.[3]

## B. *Claim Four*

Petitioner asserts that he received ineffective assistance of trial counsel because counsel "failed to ask, inquire or motion the court to determine if Petitioner qualified as a youthful offender." Petitioner also mentions that counsel should have set a hearing prior to sentencing to determine if Petitioner qualified for the youthful offender program and pursued the ten-year plea offer by the State. This claim was raised in Petitioner's Rule 3.850 motion and was denied.

Under Florida law, "the trial court has discretion to sentence as a youthful offender a defendant who is at least 18 years old and has been found guilty of a felony (except for a capital or life felony) committed before the defendant's 21st birthday. § 958.04(1), Fla. Stat." *McKinney v. State*, 27 So. 3d 160 (Fla. 1st DCA 2010). However, the trial

---

[3]The Court also notes that Petitioner did not present claims one through three as deprivations of a federal constitutional right in the state courts . "[O]nly claims that were raised as federal constitutional issues before the state courts have been exhausted in the state courts." *Snowden v. Singletary*, 135 F.3d 732, 736 n.4 (11th Cir. 1998). Thus, these claims are unexhausted, and, since Petitioner would be precluded from now raising these claims in the state courts, they are procedurally defaulted.

court is not obligated to sentence a defendant under the Youthful Offender Act unless it believes that such a sentence would be appropriate.   *Id.*

The record demonstrates that counsel argued for a youthful offender sentence. First, the plea agreement specifically provided that Petitioner would be seeking a youthful offender sentence and that the State objected to such a sentence.   Second, at the sentencing hearing, Petitioner's counsel argued as follows:   "We're asking the Court to consider a youthful offender sentence.   He's not been in trouble.   He's previously gone to Job corps, he's got some job skills.   He needs further education.   Those are the things that can assist him through the youthful offender program."   (Appendix A, Transcript of Sentencing Hearing at 26.).   Finally, the trial court acknowledged counsel's argument on the matter but found as follows: "I know you qualify by age, but I don't think with the--severe as this case was, that youthful offender is appropriate . . . ." *Id.* at 32-33.   Thus, Petitioner's counsel presented this matter to the trial court, and the trial court declined to sentence Petitioner as a youthful offender.

Although Petitioner also argues that counsel should have requested a hearing prior to sentencing to determine Petitioner's eligibility for the youthful offender program, he has not presented any support for this proposition, and the Court has been unable to find any such requirement under Florida law.   At sentencing, Petitioner was provided with the opportunity to present to the trial court evidence and argument in favor of a youthful offender sentence.   The trial court considered that matter and ultimately found that Petitioner did not qualify based on the circumstances of the case.

Petitioner further states that counsel should have pursued the ten-year plea offer

by the State. However, as noted above, Petitioner entered into a written plea agreement with the State in which, among other matters, he acknowledged that the maximum penalty was life imprisonment and that the State would not agree to a youthful offender sentence. At the plea hearing, Petitioner acknowledged that he had not been pressured, threatened, or forced to enter into the plea and that no one had promised him anything other than what had been discussed with his counsel. (Appendix A, Transcript of Plea Hearing at 5.) The prosecutor informed the trial court that "[t]here are no guarantees as to sentence, and the State has not stipulated or agreed to youthful offender sanctions." *Id.* at 3.

At sentencing, Petitioner's counsel mentioned, "I know at one point in time [the prosecutor] was asking for ten years Department of Corrections . . . ." (Appendix A, Transcript of Sentencing at 26.) However, Petitioner's counsel never stated that the prosecutor had actually made a plea offer of ten years, and Petitioner has not provided any evidence whatsoever that the State actually presented a plea offer of ten years.

Petitioner has failed to demonstrate that counsel acted deficiently or that he sustained prejudice. As such, Petitioner has failed to meet his burden of proving that the state courts unreasonably applied controlling Supreme Court precedent or unreasonably determined the facts in denying relief on this claim.

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus (Doc. No. 1) filed by Curtis Holland,

III is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**.

2. The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

3. This Court should grant an application for certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner has failed to make a substantial showing of the denial of a constitutional right. Accordingly, a Certificate of Appealability is **DENIED** in this case.

**DONE AND ORDERED** in Orlando, Florida, this 31st day of August 2011.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

Copies to:
OrlP-2 8/31
Counsel of Record
Curtis Holland, III